Complaint Brought Pursuant to 42 U.S.C. sec. 1983 for Excessive Force, Conspiracy and Negligence

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

GREGORY HUNTER

                      Plaintiff               CIVIL ACTION: 16-cv-06645 (ILG)(CLP)

v.

THE CITY OF NEW YORK,
NEW YORK POLICE DEPARTMENT,
POLICE OFFICER DALSH VEVE,                     AMENDED COMPLAINT
POLICE OFFICER JOEL CROOMS,                      JURY CLAIM
POLICE OFFICER MATTHEW HAUSWIRTH       AS TO ALL COUNTS
SEARGANT CRAIG PETROWSKI,
LIEUTENANT EDWARD BABINGTON
                      Defendants

_____

**INTRODUCTION**

GREGORY HUNTER ["HUNTER"] a resident of Kings County, State of New York asserts the following claims against the defendants in the above-entitled action:

1. Violation of U.S.C. 1983: Excessive Force

2. Assault and Battery

3. Violation of 42 U.S.C. 1983: Conspiracy

4. Negligence

## JURISDICTION

1. This Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, over claims arising under 42 U.S.C. § 1983.

2. Supplemental jurisdiction over HUNTER's pendent state law claims exists pursuant to 28 U.S.C. § 1367(a).

## VENUE

1. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York, the judicial district in which the claims arose, in which HUNTER currently resides, and in which defendants NYPD, namely 67th Precinct, conduct their business and where the underlying incident alleged occurred.

## JURY DEMAND

1. Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

## PARTIES

1. Plaintiff HUNTER is, and at all times material to this Complaint was, a citizen and resident of the State of New York. He resides in Brooklyn, NY.

2. Defendant City of New York is a properly incorporated municipality for and under the purposes of Monell and its progeny.

3. Police Officer Veve, Crooms, Hauswirth, Petrowski and Babington at all times since the instant allegations arose was a police officer of the NYPD.

## FACTS

1. In the early morning of August 8, 2015, at approximately 12:15am, HUNTER was in a Kings County empty lot, about to leave his group of friends' barbeque and head home.

2. As he was about to leave, several police officers of the 67th Precinct rushed the empty lot where the barbeque was taking place, accosted and began searching the participants of the barbeque.

3. Despite not participating in any criminal activity, HUNTER was pushed up against a fence by the aforementioned officers and invasively searched; with the aforementioned officers going into the pockets of HUNTER.

4. Upon finding a half a marijuana cigarette, HUNTER was brought to the 67th Precinct in Kings County.

5. Upon arriving at the 67th Precinct, HUNTER voiced his displeasure at being accosted and searched for no apparent reason.

6. As HUNTER was pushed into a holding cell within the 67th Precinct, he continued to voice his displeasure of the treatment he was receiving, and several unnamed officers including DOE #1-3, began pummeling HUNTER about the face and body with closed fists, resulting in swelling, bleeding to HUNTER's face and mouth, and a cracked tooth.

7. After numerous hours of complaining of pain and discomfort from the above referenced beating, HUNTER was finally taken to Kings County Hospital with a police escort where his mouth was x-rayed.

8. After being examined, HUNTER was taken back to the 67th Precinct at approximately 2:30pm, and remained in a holding cell until he was brought to central booking at approximately 6:30pm.

9. HUNTER remained at central booking until 12am midnight of August 9, 2016 where he was arraigned on numerous misdemeanor charges and released on his own recognizance.

10. HUNTER went back and forth to court over the next several months approximately eight times until he received an Adjournment in Contemplation of Dismissal under CPL 170.55

## ILLEGAL STOP
## OF HUNTER

1. HUNTER was not alleged to have been engaged in any illegality at the time of his stop.

2. There was no warrant presented for his arrest.

3. No warrant was ever obtained for his arrest.

4. The evidence cannot support any illegality or wrong doing on the part of HUNTER

5. The officers in question improperly reached a conclusion that HUNTER was engaged in illegality based on insufficient evidence and lacking sufficient cause to make such determination.

6. No evidence was presented in the accusatory instrument of any rationale as to why the officers were NOT limited to the usual requirements of law and sufficient cause to make an arrest of HUNTER.

## DAMAGES

1. The actions of the defendants deprived plaintiff HUNTER of his civil rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and under the laws and Constitution of the State of New York.

2. The unlawful, intentional, willful, deliberately indifferent, reckless, and/or bad-faith acts and omissions of the defendants caused HUNTER to be wrongly subjected to cruel and unusual punishment during the course of his prosecution and incarceration.

3. The unlawful, intentional, willful, deliberately indifferent, reckless, negligent, and/or bad-faith acts and omissions of the defendants caused HUNTER the following injuries and damages, which continue to date and will continue into the future: multiple physical assaults and batteries, including, and other physical injuries; pain and suffering; severe mental anguish; infliction of

physical illness; inadequate medical care; humiliation, indignities and embarrassment; degradation; permanent loss of natural psychological development; for which he is entitled monetary relief.

4. Finally, and more specifically have caused HUNTER to suffer significant injury to his mouth requiring dental care.

5. All the acts and omissions committed by the defendants described herein for which liability is claimed were done intentionally, unlawfully, maliciously, wantonly, recklessly, negligently and/or with bad faith, and said acts meet all of the standards for imposition of punitive damages

### COUNT I

### 42 U.S.C. § 1983 Excessive Force
### As Against All Defendants

1. HUNTER hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

2. Excessive force was used, to wit Defendant suffered significant injuries at the hands of the officers in question.

3. Case law permits the resistance of an unlawful arrest, given the lack of a presumption of probable cause and lab reports showing no criminality we would present that ANY resistance of this arrest would have been appropriate and as a result and force to meet said resistance must undoubtedly fail the test of legality.

5. Furthermore, there is no allegation of resistance in this matter, and as a result the Court should find given the injuries that force was used, and that said force was unreasonable.

6. The above mentioned Defendant officers are liable as they directly caused the injuries to HUNTER.

7. Defendant City of New York, under Monell, is liable under the theory:

I. The above should be deemed a CUSTOM AND PRACTICE of same, Cash v. Department of Adult Probation, 388 F3d 539; Lopez v City of Houston, 2008 WL 437056; Price v. Sery, 513 F3d 962; Marriott v, County of Montgomery, 426 F Sup 2d 1. Here the Courts have noted that generally constructive knowledge of a practice is sufficient for liability. Here there has been a multitude of excessive force claims in this district alone, and more specifically against this defendant… as such the Court should properly take an inference of knowledge against this instant Defendant.

II. IN THE ALTERNATIVE, the above should be clear evidence of a failure to train on the part of Defendant City of New York as clearly officers behave rampantly and rapaciously without reprieve, there is without question clear evidence of officers' misbehavior and failure to act consciously in their duties. No further training has been implemented as a result, and not further education provided. City of Canton v. Harris, 679 US 381 (here we would argue a clear and obvious need to train given recent incidents, AS WELL AS constructive notice (See Sornberger v. City of Knoxville, 434 F3d 1006). While arguably, there is no obvious need to train officers not to brutally injure, beat, and disfigure citizens the proliferation of such events would clearly seem to state otherwise.

8. As a direct and proximate result of the defendants' actions, HUNTER suffered physical harm and injury.

## COUNT II

## 42 U.S.C. § 1983 Claim for ASSAULT & BATTERY

**1.** HUNTER hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

2. HUNTER was physically assaulted and battered by the above mentioned Defendant officers, was beat about the face and body.

3. The physical attack was not privileged nor was there any cause for said attack, nor was said physical aggression part of any lawful arrest.

4. The above mentioned Defendant officers are personally liable and professionally liable as a result of personally engaging in this attack.

5. Defendant New York City is liable under a Monell claim as follows:

- As a theory of respondeat superior as to any and all state claims.

- Defendant City of New York, under Monell, is liable under the theory

    III. Officially promulgated policy, under Lanier V. City of Woodburn, 518 F3d 1147. In that the NYPD has been found to have a policy of stop and frisk which illegally targets persons of color for illegal stops searches and seizures of their person. See Floyd v. City of New York, 959 F Supp. 2d 540. Arguably an Illegal stop and search clearly constitute an assault/battery as such we would present prior case law within this District note a history of an official policy, we ask the Court take judicial notice of Floyd.

    IV. IN THE ALTERNATIVE, the above should be deemed a CUSTOM AND PRACTICE of same, Cash v. Department of Adult Probation, 388 F3d 539; Lopez v City of Houston, 2008 WL 437056; Price v. Sery, 513 F3d 962; Marriott v, County of Montgomery, 426 F Sup 2d 1. Here the Courts have noted that generally

    constructive knowledge of a practice is sufficient for liability. We would ask the Court take judicial notice of Floyd, regarding this custom and practice.

V. IN THE ALTERNATIVE, the above should be clear evidence of a failure to train on the part of Defendant City of New York as clearly officers behave rampantly and rapaciously without reprieve, there is without question clear evidence of officers' misbehavior and failure to act consciously in their duties. No further training has been implemented as a result, and not further education provided. City of Canton v. Harris, 679 US 381 (here we would argue a clear and obvious need to train given recent incidents, AS WELL AS constructive notice (See Sornberger v. City of Knoxville, 434 F3d 1006). While arguably, there is no obvious need to train officers not to brutally injure, beat, and disfigure citizens the proliferation of such events would clearly seem to state otherwise.

## COUNT III

**42 U.S.C. § 1983 Claim for Supervisory Liability against CITY OF NEW YORK**

1. HUNTER hereby incorporates by reference all of the foregoing paragraphs and further states as follows:

2. Defendant acted with deliberate indifference, recklessness, and/or gross negligence to the constitutional rights of citizens by failing to provide adequate training, supervision, and discipline of its agents, and thereby caused HUNTER'S rights to due process, and rights against unlawful search and seizure, were violated.

3. The deliberately indifferent, reckless, and/or grossly negligent conduct of defendant violated a clearly established duty.

4. Defendant's actions and omissions proximately and directly caused HUNTER to be wrongly arrested and prosecuted.

## COUNT VIII

### 42 U.S.C. § 1983 Civil Rights Conspiracy Claim

1. HUNTER hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

2. Defendants, and other yet unknown agreed among themselves and with other individuals to act in concert in order to deprive HUNTER of his clearly established Fourth, Fifth, and Fourteenth Amendment rights.

3. In furtherance of the conspiracy the defendants engaged in and facilitated numerous overt acts, including, without limitation, the following:

   i. Defendants Punched HUNTER in the face repeatedly.

   ii. AT all times and in ALL ACTIONS Defendants acted in concert, and with a clear intention to act as a single unit in the furtherance of the assault described in this instant complaint.

**WHEREFORE,** Plaintiff HUNTER prays as follows:

1. That the Court award compensatory damages to his and against the defendants, jointly and severally, in the amount of $1,000,000.00;

2. That the Court award punitive damages to him, and against all non-municipal defendants, in an amount, to be determined at trial, that will deter such conduct by defendants in the future;

3. For a trial by jury;

4. For pre-judgment and post-judgment interest and recovery of his costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and

5. For any and all other relief to which he may be entitled.


Respectfully submitted,


GREGORY HUNTER
By his attorney
June 28, 2018

                                            _____//s//_____
Conway C. Martindale II
Martindale & Associates, PLLC
380 Lexington Avenue, 17th Floor
New York, NY 10168
212-405-2233